## Commonwealth v. Glowacki et al.

*T. M. Lewis*, district attorney, for Commonwealth.

*Leon Schwartz* and *Arthur H. James*, for defendant.

VALENTINE, J., November 28, 1931.—Defendants were arrested July 24, 1931, upon an information charging them with the crime of arson. They waived a hearing and on the same day entered bail conditioned for their appearance at the "next court of quarter sessions."

The next court of quarter sessions began on August 17, 1931, on which date the grand jury summoned for the September Sessions began its work. The indictment against the defendants was not found at the September Sessions, but was found October 21, 1931, by the grand jury sitting for the November Sessions. The district attorney recognized that the defendants could not be indicted at a term of court other than that to which they were bound by their recognizance to appear, without notice, and sent to the prosecutor, for service upon the defendants, a notice in the following form:

"Commonwealth          ⎫  In the Court of Quarter Sessions
          *v.*                ⎬          of Luzerne County
Millard Glowacki et al. ⎭  No. 197, September Sessions, 1931

"To Millard Glowacki, Stanley Sekulski and Joseph Saunders. You are hereby notified that the above case in which you are the defendant will be brought before the next Grand Jury sitting week beginning Wednesday, the 21st day of October, 1931.

"T. M. LEWIS,
                    "District Attorney."

This notice was not served by the prosecutor until October 19, 1931, at 10.30 A. M., and was then served upon the father of the defendant, Glowacki, and upon the wife of the defendant, Sekulski.

The grand jury for the November Sessions was sworn and began its labors on October 19, 1931, at 10 A. M., before the service of the notice. If the notice be treated as a notice that the indictment against the defendants would be presented on Wednesday, October 21, 1931, service was made at a time when it was impossible for the defendants to avail themselves of the right to challenge jurors because of their disqualification or object to the array because of any alleged irregularity.

Section nine of the Act of April 16, 1925, P. L. 244, provides:

"Any objection or challenge to jurors based on their disqualification for jury service under this act, or to the array based on any irregularity in the proceedings or procedure in and by which said jurors were selected, drawn or summoned for jury service, must be made before said jurors or array of jurors are sworn and cannot be made thereafter. After jurors are sworn without objection all objections to their qualifications as prescribed by this act or to the manner of their selection, drawing or summoning shall be deemed to have been waived. No indictment can be attacked or verdict challenged by reason of any juror's disqualification under this act or any irregularity in the manner of selecting, drawing or summoning jurors unless due objection is made before said alleged, disqualified or illegally selected jurors are sworn."

We cannot subscribe to the doctrine that defendants' rights were not affected, because they might have challenged the regularity of the drawing of the grand jury before receiving notice that their case would be presented. See Com. v. Kenehan et al., 12 D. & C. 585, 599. As citizens they may have had the right to object, but they were specially interested when it became apparent that their rights would be affected by the presentation of the indictment against them to the grand jury then in session. The right of a defendant to exercise the right of challenge to the array or for cause is a substantial right: Com. v. Craig, 19 Pa. Superior Ct. 81; which cannot be disregarded except when circumstances justify the finding of a district attorney's bill.

In Com. v. Brown, 12 Dist. R. 316, Audenried, J., said:

"It is the general practice for the district attorney to prepare and submit to the grand jury summoned for the term, at which one accused of crime has been bound to appear, the bills formulating the charges against him. All are presumed to know the regular course of procedure. Hence, the defendant must inquire in regard to the grand jurors summoned for that term of court and be ready with his challenges against them in due season. But if the bills against the accused are not sent to the grand jury at the term named in his recognizance, he cannot, except by the merest chance, guess when the district attorney may cause it to be done, and he thus is in danger of losing his right of challenge, unless he prepare himself for its exercise in respect to all the grand juries summoned until the charges against him have been acted upon— a most unreasonable requirement. It is not to be understood, of course, that one charged with crime may not be indicted save at the term of court at which he is bound by his recognizance to appear; but if he is indicted at a subsequent term, it may be only after reasonable notice to him that the bill is to be laid before the grand jury. Otherwise his right of challenge (seldom exercised, it is true, but nevertheless a very substantial right) would be useless."

The doctrine that a defendant is entitled to reasonable notice prior to the submission of a bill against him at a term subsequent to the one to which the case has been returned is settled by numerous authorities, many of which are collated in Com. v. Harris et al., 13 D. & C. 252, which is the most recent decision to which our attention has been directed.

Indictment quashed.

From Frank P. Slattery, Wilkes-Barre, Pa.